1 F.3d 1251
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Thomas W. PARKER, Richard Allen Fuselier, Robert Kaltenbach,
Leo Itz, Kenneth Meier, Lucius Breeland, II, Mark
D. Breeland, Lucius Breeland, Sr. and
Dr. P.W. Kimmell, Appellants,
v.
The UNITED STATES, State of Louisiana and State of Texas,
Defendants-Appellees.
 Nos. 93-1055 to 93-1058 and 93-1123.
 United States Court of Appeals, Federal Circuit.
 April 15, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The appellants submit numerous motions, statements, and notices. The State of Louisiana, the State of Texas, and Kerr County of the State of Texas each move to dismiss appeals nos. 93-1055 through 93-1058. The United States moves to dismiss appeal no. 93-1123.
 
 
 2
 The following background has been gleaned from the states and Kerr County's submissions. Appellants and others filed suit in the United States District Court for the Western District of Louisiana in July 1992 against the states of Texas and Louisiana alleging that their rights to a "common law trial" in the "Common Law Court of the United States" had been violated by various state court criminal or tax proceedings that had been filed against them. The referenced "Common Law Court" is a "court" apparently "created" by the appellants and others. Appellants may have filed a motion in the district court to transfer their cases to the Court of Federal Claims (previously the Claims Court). The government moved to have their cases dismissed. On September 10, 1992, the district court granted the government's motion to dismiss and assessed $1000 in sanctions against each plaintiff. Judgment was entered on September 25, 1992.
 
 
 3
 Appellants appealed, apparently on the basis of 28 U.S.C. Sec. 1292(d)(4)(A) (a party may appeal to the Federal Circuit an interlocutory ruling granting or denying a motion to transfer to the Court of Federal Claims). In the papers here, appellants also request that we now transfer their cases to the "Common Law Court."
 
 
 4
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 5
 (1) To the extent that the appellants' appeals are from the district court's denial of the appellants' motion to transfer or from a constructive denial, we summarily affirm the district court's order.
 
 
 6
 (2) To the extent that the appellants' appeals are from the district court's dismissal of their suits, we dismiss those appeals for lack of jurisdiction. 28 U.S.C. Sec. 1295.
 
 
 7
 (3) To the extent that Leo and Elise Itz seek to "add" their appeal to the other appeals, we dismiss their appeal no. 93-1123 for lack of jurisdiction.
 
 
 8
 (4) Appellants' motions to transfer to the "Common Law Court of the United States" are denied.
 
 
 9
 (5) All other motions, notices, and statements are moot.